# EXHIBIT A

# EXHIBIT A

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 25, 2009

**BY FED EX AND EMAIL**
Denis P. Kelleher, Esq.
Kelleher and Dunne LLP
17 Battery Place, 11th Floor
New York, NY 10004
W:    (212) 825-1700

Re:    **United States v. Irving Stitsky, et al.,**
       **S1 06 Cr. 357 (KMW)**

Dear Mr. Kelleher:

This document is not a plea agreement. Rather, pursuant to the suggestion of the court in United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991), this letter sets forth the present position of the United States Attorney's Office for the Southern District of New York (the "Office") regarding the application of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") to defendant Irving Stitsky (the "defendant"). The following analysis is set forth for informational purposes only, and forms no part of any plea agreement between the Office and the defendant.

The defendant is charged in a criminal Indictment in five counts. Count One charges the defendant with participating in a conspiracy to commit securities fraud, mail fraud, and wire fraud, in violation of Title 18, United States Code, Section 371. Count One carries a maximum sentence of five years' imprisonment; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 special assessment.

Counts Two and Three charge the defendant with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2. Counts Two and Three each carry a maximum sentence of 20 years' imprisonment; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 15, United States Code, Section 78ff and Title 18, United States Code, Section 3571 of the greatest of $5,000,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 special assessment.

Denis P. Kelleher, Esq.
September 25, 2009
Page 2

Count Four charges the defendant with wire fraud in violation of Title 18, United States Code, Section 1343. Count Four carries a maximum sentence of twenty years' imprisonment; a maximum term of three years' supervised release; a maximum fine, pursuant to Title 18, United States Code Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense; and a mandatory $100 special assessment.

Count Five charges the defendant with mail fraud in violation of Title 18, United States Code, Section 1341. Count Five carries a maximum sentence of twenty years' imprisonment; a maximum term of three years' supervised release; a maximum fine, pursuant to Title 18, United States Code Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense; and a mandatory $100 special assessment.

In addition to the foregoing, as to all counts, the Court must order restitution in accordance with Sections 3663, 3663A and 3664 of Title 18, United States Code.

In addition, the Indictment includes a forfeiture count, seeking the forfeiture of the amount of proceeds obtained as a result of the offenses, including but not limited to at least $16.3 million in United States currency.

The Government presently believes that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply as follows:

## I.   Offense Level

The Guidelines provisions in effect as of November 1, 2008, apply to this case.

    A.   The Sentencing Guideline applicable to the offenses charged in Counts One through Five of the Indictment, is U.S.S.G. § 2B1.1.

    B.   The base offense level is 7. See U.S.S.G. § 2B1.1(a).

    C.   Because the amount of loss involved in the offenses charged in the Indictment was more than $20,000,000, but less than $50,000,000, the offense level is increased 22 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(L).

    D.   Because the offenses involved 50 or more victims, the offense level is increased 4 levels pursuant to U.S.S.G. § 2B1.1(b)(2)(B).

05.2009

Denis P. Kelleher, Esq.
September 25, 2009
Page 3

    E.     Because the offenses involved sophisticated means, the offense level is increased 2 levels pursuant to U.S.S.G. § 2B1.1(b)(9)(C).

    F.     Because the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, the base offense level is increased by 4 levels, pursuant to U.S.S.G. § 3B1.1(a).

    G.    Because the defendant abused a position of private trust in connection with his solicitation of investors through false and fraudulent means, the offense level is increased 2 levels, pursuant to U.S.S.G. § 3B1.3.

    H.    Because the defendant willfully obstructed and impeded and attempted to obstruct and impede the administration of justice during the course of the investigation and prosecution of the instant offense, and the obstructive conduct related to the defendant's offense of conviction – namely, the defendant intentionally destroyed documents and emails related to his criminal conduct on or about March 29, 2006 – the offense level is increased 2 levels, pursuant to U.S.S.G. § 3C1.1.

    I.     Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction would be warranted, pursuant to U.S.S.G. § 3E1.1(a). Because the defendant has not given timely notice of his intention to plead guilty, the additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b) is not warranted.

In accordance with the above, the applicable Guidelines offense level is 41.

**II.**    **Criminal History**

    A.    The defendant was convicted on or about August 10, 2001, for two counts of participating in a conspiracy to commit securities fraud, wire fraud, and commercial bribery, in violation of Title 18, United States Code, Section 371, a felony, in United States District Court for the Southern District of New York. On or about January 7, 2002, the defendant was sentenced to a term of 21 months' imprisonment and three years' supervised release. Pursuant to U.S.S.G. § 4A1.1(a), that sentence results in three criminal history points.

    B.    The defendant was convicted on or about August 24, 2001, for one count of

05.2009

Denis P. Kelleher, Esq.
September 25, 2009
Page 4

participating in a conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371, a felony, and one count of making false statements, in violation of Title 18, United States Code, Section 1001, a felony, in United States District Court for the Eastern District of New York. On or about February 26, 2002, the defendant was sentenced to a term of 33 months' imprisonment and three years' supervised release. Pursuant to U.S.S.G. § 4A1.1(a), that sentence results in three criminal history points.

C.   The defendant committed the instant offense beginning in or about November 2003, which was while he was serving two three-year terms of supervised release that were imposed as a result of his 2001 convictions in the Southern and Eastern Districts of New York. Pursuant to U.S.S.G. § 4A1.1(d), the defendant's actions result in two criminal history points.

D.   The defendant committed the instant offense beginning in or about November 2003, which was within two years of being released on October 17, 2003 from the sentence of imprisonment imposed on him as a result of his 2001 convictions in the Southern and Eastern Districts of New York. Pursuant to U.S.S.G. § 4A1.1(e), the defendant's actions result in one criminal history point.

Accordingly, the defendant has nine criminal history points and his Criminal History Category is IV.

## III.   Sentencing Range

An offense level of 41 and a Criminal History Category of IV yields a Guidelines range of 360 months' to life imprisonment (Zone D). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines offense level 41, the applicable fine range is $25,000 to $250,000. See U.S.S.G. § 5E1.2(c)(1)-(4).

The foregoing Guidelines calculation is based on facts and information presently known to the Office. Nothing in this letter limits the right of this Office to change its position at any time as to the appropriate Guidelines calculation in this case, and to present to the sentencing Judge and/or Probation Department, either orally or in writing, any and all facts and arguments relevant to sentencing, to the defendant's sentencing range and/or offense level, and to the defendant's criminal history category, that are available to the Office at the time of sentencing. Nor does anything in this letter limit the right of this Office to take a position on any departure that may be suggested by the sentencing Judge, the Probation Department, or the defendant.

05.2009

Denis P. Kelleher, Esq.
September 25, 2009
Page 5

      Further, this letter does not and cannot bind either the Court or the Probation Department, either as to questions of fact or as to the determination of the correct Guidelines to apply in this case. Instead, the sentence to be imposed upon the defendant is determined solely by the sentencing Judge. This Office cannot and does not make any promise or representation as to what sentence the defendant will receive.

                    Very truly yours,

                    PREET BHARARA
                    UNITED STATES ATTORNEY

By: _____
                    Marc P. Berger
                    Alexander J. Willscher
                    Assistant United States Attorneys
                    W: (212) 637-2207/2736
                    F: (212) 637-2452

05 2009