PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

---

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

January 7, 2008

**VIA TELECOPIER**

The Honorable Michael H. Dolinger
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1607
New York, New York 10007-1312

    Re:    Securities and Exchange Commission v. Cobalt Multifamily
              Investors I, LLC, et al.; 06 Civ. 2360 (KMW) (MHD)

Dear Magistrate Judge Dolinger:

        We represent Anthony Paduano, the Receiver for defendants Cobalt Multifamily Investors I, LLC, Cobalt Multifamily Co. I, LLC, and Cobalt Capital Funding, LLC and relief defendant Vail Mountain Trust (collectively, "Cobalt") in the above-referenced action. I write in reply to the letter of Nancy A. Brown of the United States Securities and Exchange Commission (the "SEC"), dated January 3, 2008.

        In Ms. Brown's letter, she correctly states in the last sentence of her letter that the amount seized by the United States Attorney's Office -- $457,109.66 -- has never been counted in the Receivership estate by the Receiver. However, Ms. Brown's letter is incorrect in several respects: (1) the Receiver had transferred to him bank and securities accounts worth approximately $4<u>3</u>4,551 shortly after his appointment -- not $4<u>5</u>4,551, as stated in Ms. Brown's letter (the brokerage account was not frozen by the SEC, but discovered and seized by the Receiver); (2) that amount -- $434,551 -- was not the amount in Cobalt's accounts at the time of the Court's "asset freeze" (I believe it was slightly higher; certain in-process employee and other checks were permitted to clear); and (3) Ms. Brown's letter incorrectly states that only approximately $515,000 of the $970,000 in funds as of June 29, 2007 were attributable to the efforts of the Receiver. The Receiver was responsible (through June 29, 2007) of bringing in approximately $647,000 in cash into the Estate, plus the securities brokerage account (now valued at $154,929), for a total of approximately $800,000. The difference between the Receiver's number and the

PADUANO & WEINTRAUB LLP

The Honorable Michael H. Dolinger
January 7, 2008
Page 2

SEC's number (other than the value of the brokerage account) is due to (a) the above-referenced $20,000 error (i.e., $4<u>3</u>4,551, not $4<u>5</u>4,551), and (b) expenses incurred by the Cobalt estate during the period of May 2006 through June 2007 of approximately $112,000 (none of which was paid to either the Receiver or this Firm).[1]

As of December 31, 2007, the Receiver had approximately $1,167,232 in cash, and a securities account valued at $154,929, for a total of approximately $1,322,161. Thus, contrary to the SEC's assertions, the Receiver has been responsible for bringing in more than $1.1 million in cash and assets to the Receivership estate to date -- which is substantially greater than the $515,000 referred to in Ms. Brown's letter.

Respectfully submitted,

*Leonard Weintraub*
Leonard Weintraub

cc:   Nancy A. Brown, Esq. (by fax and electronic mail)

---

[1] To date, $112,614.95 of Receivership assets has been spent. The Receiver spent $50,225.69 for mandatory insurance for the Florida properties (prior to their disposition), $41,000 for retainers for some of the professional the Receiver retained (other than this Firm), $11,834.62 to Raipher Pellegrino, Esq. (as ordered by Judge Mukasey), and $9,554.64 in miscellaneous expenses (such as moving expenses to transport Cobalt property, other costs to protect the Florida properties, and certain court-related expenses).