UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA

       -against-

IRVING STITSKY,

       Defendant.
--------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  ___12/14/2020_____
```

06-CR-357 (KMW)

**AMENDED[1]  OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Irving Stitsky has moved for a reduction in sentence pursuant to the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).   (ECF No. 422.)   The Government opposes Stitsky's motion.   (ECF Nos. 425, 427.)   For the reasons set forth below, Stitsky's motion is DENIED.

## BACKGROUND

On March 27, 2006, Stitsky was arrested in connection with his involvement in a scheme to defraud investors through the purchase of securities in Cobalt Capital Partners I, LLC, and associated entities ("Cobalt").   (Gov't Opp'n at 2-3.)   Relying on false documents and material misrepresentations about Cobalt, Stitsky and co-Defendants Mark Shapiro and William Foster induced over $20 million in investments from more than 350 victims, who were left with "nothing of value when the fraud was uncovered."   (Gov't Opp'n at 2-3; Sent. Tr. at 17, Gov't Opp'n at Ex. A.)

On November 23, 2009, following a jury trial, Stitsky was convicted of one count of conspiracy to commit securities fraud, mail fraud, and wire fraud, in violation of 18 U.S.C. § 371; two counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff; one count of wire

---

[1] The Court initially issued its Opinion & Order on December 10, 2020. (ECF No. 428.)   On December 11, Stitsky filed a reply brief.   (ECF No. 433.)   The Court issues this Amended Opinion & Order to reflect that the Court has taken into consideration the arguments made in Stitsky's reply.

fraud, in violation of 18 U.S.C. § 1343; and one count of mail fraud, in violation of 18 U.S.C. § 1341.   (Gov't Opp'n at 4.)

On July 6, 2010, Stitsky was sentenced to 85 years of imprisonment, consisting of one five-year term for the conspiracy conviction and four 20-year terms for the securities, mail, and wire fraud convictions.   (*Id.* at 5.)   All terms were to be served consecutively.   (*Id.*)

On November 11, 2020, Stitsky filed the instant motion.   The Government filed an opposition on November 28 and a supplemental letter on December 4, reflecting information obtained through communications with the Bureau of Prisons ("BOP").

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the BOP, or upon motion of the defendant.   A defendant may move under Section 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   *Id.*[2]

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."   *Id.* § 3582(c)(1)(A)(i).   The court has discretion to consider "the full slate of extraordinary and compelling reasons" that an imprisoned person might cite in motions for compassionate release.   *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).   Such reasons may include whether a defendant is at increased risk of

---

[2] The Government concedes that Stitsky has exhausted his administrative remedies.   (Gov't Opp'n at 5-6 n.3.)   His motion is thus ripe for consideration.

2

suffering serious illness from infection with COVID-19.  *See, e.g.*, *United States v. Jones*, 2020 WL 6131252, at *3 (S.D.N.Y. Oct. 19, 2020) (Swain, J.).

In determining whether to grant a motion for compassionate release, courts also must consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they apply ("the sentencing factors").   18 U.S.C. § 3582(c)(1)(A).   Even if extraordinary and compelling reasons for compassionate release exist, a court may deny the motion if the sentencing factors outweigh those reasons.   *See, e.g.*, *United States v. Butler*, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (Engelmayer, J.).

## DISCUSSION

Stitsky argues that the Court should grant compassionate release because of his medical conditions, combined with the COVID-19 pandemic, and his excellent record of rehabilitation.[3] (Mem. at 1-2, 21-22, ECF No. 423.)

The Government concedes that, in light of the pandemic, Stitsky's age and health conditions constitute extraordinary and compelling reasons warranting compassionate release. (Gov't Opp'n at 6.)   The Court agrees.   Stitsky is 66 years old, and medical records from the BOP demonstrate that he has several pre-existing conditions—including ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮—that place him at increased risk of severe illness from COVID-19.[4] (Mem. at 19-20, Ex. B; Gov't Opp'n at 6, Ex. B.)

---

[3] In the alternative, Stitsky argues that the Court may order his release to home confinement.  (Mem. at 2.)  The authority to place prisoners in home confinement, however, rests with the BOP.  *United States v. Miles*, 2020 WL 1989290, at *1 n.2 (S.D.N.Y. Apr. 27, 2020) (Keenan, J.) (citing *United States v. Kanagbou*, 726 F. App'x 21, 25 n.1 (2d Cir. 2018) (summary order); 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.").

[4] Stitsky also argues that the conditions created by the COVID-19 pandemic at FCI Otisville, where he is incarcerated, raise constitutional concerns.  (Mem. at 12.)   Citing the Eighth Amendment, Stitsky argues that he should not be subjected to the "egregious cruelty of the virus."  (*Id.*)   He argues further that denying him appropriate medical care and "exposing him to an additional dangerous disease pose[] enormous Fourteenth Amendment concerns as well."  (*Id.*)   Such challenges to the conditions of confinement are "more akin to a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241" and are not properly raised in the instant motion.  *United States v. Zehner*, 2020 WL 3057759, at *1 (S.D.N.Y. June 8, 2020) (Torres, J.).

The Court also agrees with the Government, however, that the sentencing factors outweigh these extraordinary and compelling circumstances. (Gov't Opp'n at 9-12.)

First, granting a reduction in Stitsky's sentence would not reflect the seriousness of his offenses, promote respect for the law, or provide just punishment. *See* 28 U.S.C. § 3553(a)(2)(A).

Stitsky's crimes are very serious. He perpetrated a massive fraud that caused harm to more than 350 victims, many of whom were not particularly sophisticated investors. (Sent. Tr. at 16.) Such an offense warrants severe punishment. (*Id.*; *see also United States v. Verderosa*, 2020 WL 6449238, at *4 (E.D.N.Y. Nov. 2, 2020) (denying compassionate release and emphasizing the seriousness of non-violent fraud that inflicted "devastating financial and emotional losses" on victims)).

Stitsky has served more than 10 years in prison. (Mem. at 1, 20.) That period of time, however, represents less than 15 percent of the sentence imposed. (Gov't Opp'n at 11.) Courts in this district have denied compassionate release for non-violent offenders who have served comparable portions of their respective sentences. *See, e.g.*, *United States v. Itzchaki*, 2020 WL 4194800, at *2 (S.D.N.Y. July 21, 2020) (Marrero, J.) (denying release when defendant had served "approximately 14 percent" of a sentence for wire fraud).

Second, a reduction in sentence would not afford adequate deterrence to criminal conduct, nor protect the public from further crimes by the defendant. *See* 28 U.S.C. § 3553(a)(2)(B)-(C).

General deterrence is a vital consideration in Stitsky's sentence. (Sent. Tr. at 16.) Stitsky participated in a complex scheme to use false documents, lure investors, and avoid law enforcement. (*Id.* at 19-20.) Deterring others from engaging in such calculated and exploitative conduct is as critical today as it was a decade ago. *See United States v. Binday*, 2020 WL 4017822, at *7 (S.D.N.Y. July 16, 2020) (McMahon, C.J.) (stressing the importance of

4

"send[ing] a message to the community and to the industry" that financial crimes will result in serious punishment).

As for individual deterrence, Stitsky argues that he has engaged in extensive rehabilitation, "experienced a deep-seated personal change," and is less likely to recidivate because of his age. (Mem. at 22-23.) Accordingly, Stitsky asserts that he does not pose a danger to any person or the community. (*Id*. at 22.)

Stitsky's participation in numerous BOP programs is commendable, and the Court acknowledges the positive letters submitted by family members and friends. (*Id.* at Exs. D, E.) At sentencing, however, the Court expressed skepticism that "any sentence" would sufficiently deter Stitsky, who appeared to be an "inveterate conman." (Sent. Tr. at 16.) Stitsky was undeterred from committing the instant crimes even though he had recently been released from federal custody and was on supervised release. (Gov't Opp'n at 2, 8; Gov't Suppl. Opp'n at 2.) In addition, the argument that Stitsky is less likely to recidivate at the age of 66 is undermined by the fact that he was approximately 48 years old when he took a lead role in the Cobalt scheme. (Gov't Opp'n at 8.) In these circumstances, the Court cannot conclude that the goal of individual deterrence would be served by a sentence reduction or that Stitsky, if released, would not be a danger to any person or the community.

## CONCLUSION

Because the sentencing factors outweigh the extraordinary and compelling reasons for compassionate release, Stitsky's motion is DENIED.

SO ORDERED.

Dated: New York, New York
December 14, 2020

                                           */s/ Kimba M. Wood*
                                             KIMBA M. WOOD
                                        United States District Judge